## M. G. CASTON ET AL. v. A. S. CASTON.

APPEAL. *Will not lie from affirmed decree.*

    A complainant cannot appeal from a decree which has been affirmed on the respondent's appeal.

THIS is a demurrer to a plea in bar of an appeal from the Chancery Court of Amite County. The present appellee, A. S. Caston, had appealed from the final decree in the case of *M. G. Caston et al.* v. *A. S. Caston*, and the decree had been affirmed. Subsequently the complainants in that suit

took the present appeal, and to it A. S. Caston filed the plea recited in the opinion of the court.

*J. A. Brown*, for the appellants, in support of the demurrer.

The decision on the former appeal cannot conclude this one. Errors to the prejudice of the complainants could not be considered on that hearing, because they had not then appealed, and, consequently, this court had not jurisdiction. Their right to appeal is limited to three years, and the defendant cannot cut off their right short of that time by prosecuting his appeal. No rule compels the complainants to prosecute their appeal while the defendant's appeal is pending.

*B. F. Johns*, for the appellee, *contra*.

If both parties are dissatisfied with the decree of the lower court, and one appeals, the other must prosecute his cross-appeal pending the case in this court; otherwise, he will be barred after judgment here. This depends not upon any statute of limitations, but upon the principle that the decision of the court is binding upon all parties, so far as the court has jurisdiction. 49 Miss. 448; *Green* v. *McDonald*, 13 S. & M. 452; *Puckett* v. *Graves*, 6 S. & M. 392; 5 How. 542; *Agnew* v. *McElroy*, 10 S. & M. 555; Adams Eq. 745, note 1; 3 Bouv. Inst. 70.

CAMPBELL, J., delivered the opinion of the court.

The plea in bar of this appeal is good, and must cause a dismissal of the appeal. It discloses the facts that the appellants were complainants in a chancery suit, and obtained a decree against the appellee, who appealed to this court, and sought to have said decree reversed; but his appeal was resisted by the appellants, who were then appellees, and said decree was affirmed by the judgment of this court; and subsequently the appellants prayed and obtained this appeal. When a complainant obtains a decree, but not for all the relief prayed by his bill, and the respondent appeals, if the complainant desires a more favorable decree he must enter a cross-appeal, so that he may be heard when the decree is considered by the Supreme Court. He cannot resist the appeal, obtain an affirmance of the decree, and afterwards prosecute an appeal from the decree which he insisted should be affirmed. If the decree

appealed from is reversed, it is thereby vacated and annulled, and there is nothing afterwards to appeal from. If it is affirmed or modified, it at once becomes the judgment of this court, and cannot be the subject of another appeal. *Corning* v. *Troy Factory*, 15 How. (U. S.) 451. Interest reipublicœ ut sit finis litium.

*Demurrer overruled and appeal dismissed.*

SIMRALL, C. J., having been of counsel below, takes no part in this decision.