HOWELL *v.* JACKSON.

Opinion delivered June 15, 1908.

APPEAL—RES JUDICATA—RIGHT OF APPELLEES TO PROSECUTE SECOND APPEAL.—
Where, in a suit for certain equitable relief based upon an alleged
single wrong, plaintiffs recovered certain relief asked but were denied
certain other relief prayed, and defendants prosecuted an appeal
from so much of the decree as gave relief against them, the remedy
of plaintiffs as to so much of the decree as was unfavorable to them
was by taking a cross appeal, for when the decree was either affirmed
or reversed by the Supreme Court it became the decree of that
court, and the original decree could not be the subject of another ap-
peal.

Appeal from La Fayette Chancery Court; *Emon O. Maho-
ney,* Chancellor; appeal dismissed.

*D. L. King,* for appellants.

*Warren, Hamiter & Smith,* for appellees.

On former appeal, the cause was reversed and remanded
with directions to dismiss the complaint. Appellants were be-
fore the court then. The dismissal carried all parties out of
court. The appeal should be dismissed for failure of appel-
lants to obtain and prosecute a cross appeal when the case was
before this court on former appeal. 104 S. W. 550.

BATTLE, J. S. R. Howell, and B. A. Moore instituted a
suit against G. W. Jackson, J. E. F. Davis, as road commis-
sioner, N. G. Lewis, as road overseer of Road District No. 5,
and T. V. Cabiness, as overseer of Road District No. 1, in
La Fayette County, Arkansas, in the La Fayette Chancery Court,
to restrain defendants from stopping a certain ditch and con-
structing a ditch on either side of the public road running south
from the old court house in Lewisville, La Fayette County, Ark-
ansas, for the purpose of diverting surface water into Wilson
Branch. The complaint is as follows: "The plaintiffs, Mrs.
S. R. Howell and B. A. Moore, complaining of the defend-
ants (naming them), state and allege:

"That she is a resident of La Fayette County, Arkansas,
owning and residing on lands adjacent to the public road ex-
tending north and south through Old or North Lewisville, south
of the court house in said county, and, that in case of heavy rain-
fall a large amount of surface water is collected on that por-

tion of said public road requiring one or more ditches for an outlet in order to properly drain the same from the road and keep the same in repair and protect the owners of adjacent lands from injury.

"That for a long period of time, at least twenty-five years, a ditch and natural drainage has been opened and used connecting with said road at a point in the same, and extending thence through an open street or alley belonging to the public, and lower lands, and thus affording sufficient outlet for said surface water and protection to owners of adjacent lands, and especially this plaintiff.

"That, notwithstanding the long use of said ditch and outlet so long enjoyed by the public, the defendants, G. W. Jackson, J. E. F. Davis as road commissioner and N. G. Lewis and T. C. Cabaniss as road overseer of La Fayette County, as plaintiff is informed and charges, contemplate and intend to close up said ditch and drainway which has so long been used as above stated, and also contemplate and intend to cut a ditch on either side of said public road extending south from the southeast corner of the place where the defendant, G. W. Jackson, lives to a point in front of the lot or parcel of land where Rosana Wilhite now resides immediately south of the home of Mrs. S. R. Howell, and, unless these defendants are enjoined, restrained, will do so, and which, if permitted, will or would cause said surface water to flow over plaintiff Mrs. S. R. Howell's land, and will result in irreparable injury to her.

"Wherefore plaintiff prays that a temporary restraining order be issued against said defendants enjoining and inhibiting them, their agents and employees, from obstructing or filling up said ditch or drainway or cutting said ditches on either side of said public road until the further order of this court in this cause, and upon the final hearing of this cause said injunction be made perpetual, and all and proper relief."

A temporary restraining order was granted in accordance with the prayer of the complaint.

Davis, as commissioner, and Cabaniss and Lewis, as road overseers, answered jointly and said:

"That they had no intention of closing the ditches between defendant, G. W. Jackson, and the Hattie Butler place, which

they understand is the private property of said G. W. Jackson, but that as to the ditches on either side of said road, at the point mentioned in the complaint they had intended to open the ditches; that the ditches are essential to the proper drainage of said road, and that the construction of the ditches will not cause any surface water to flow over and upon plaintiff Mrs. S. R. Howell's land, but will in fact protect her land from the flow of surface water; that there is a public road just north of plaintiff S. R. Howell's place, which intersects the road mentioned in the complaint, and that, unless the ditches be constructed, large volumes of water collected from the road described in the complaint would run down the road so intersecting the road mentioned in the complaint, and cause a great inconvenience to the public traveling over said road.

"Defendant G. W. Jackson answered separately, and stated that he had no intention of cutting either of the ditches on either side of the road as alleged in plaintiff's complaint, and that he had never threatened to so so. But that, as to the ditch mentioned in said complaint running between his place and the Hattie Butler place, he stated that it had never been opened or used by the public; that it is entirely on his land and had been opened and closed by him for his own purposes temporarily, and, that finding it necessary to protect his place from damage, he closed it; and that he can not protect his place from great damage in any other way; that he resides on said public road three hundred yards north of plaintiff, S. R. Howell, and that his land abuts said public road."

The closing of the ditch between the Jackson and Butler places and the cutting ditches on either side of the public road extending south from the old court house in Lewisville beyond the places owned by the plaintiffs, at the place designated in the complaint, would jointly affect plaintiffs by damaging their property. The question for the chancery court to determine was, how far, if at all, should the defendants be enjoined to protect the plaintiffs. For that purpose it was necessary for all of them to be brought before the court.

Upon final hearing, the chancery court dissolved the temporary restraining order to the extent it related to the closing of the ditch between the Jackson and Butler places, and made it

perpetual as to the opening of ditches on either side of the pub-. lic road at the point designated in the complaint. The defendants, Davis, Lewis, and Cabaniss, appealed to this court from so much of the decree as affected them, that is, as to the opening or cutting of ditches. The plaintiffs, or either of them, took no cross appeal. This court reversed so much of the decree as affected the appellants, and remanded the cause with directions to the chancery court to dismiss the complaint for want of equity. *Davis* v. *Howell,* 84 Ark. 29. Thereafter, and three days before the time allowed for appealing expired, plaintiffs. appealed to this court from so much of the decree as dissolved the temporary restraining order as to closing the ditch between the Jackson and Butler places. That appeal is now before us.

The relief provided by the statute for appellee is a cross appeal. The statute provides: "The appellee at any time before trial, by an entry upon the records of the Supreme Court, may pray and obtain a cross appeal against the appellant, or any co-appellee in whose favor any question is decided prejudicial to such party." Kirby's Digest, § 1225. The objects of this statute are to avoid delay and the necessity of two appeals and to correct any errors in the judgment appealed from to appellee's prejudice, and to correct errors in interlocutory judgment or order which has influenced or controlled the final judgment to his prejudice. *Beidler* v. *Beidler,* 71 Ark. 318; *Brown* v. *Vancleave,* 86 Ky. 386.

Statutes upon the same subject provide that where a judgment is rendered against several, who are entitled to appeal, and an appeal is taken, all of such persons shall join in the appeal, and one refusing to do so, upon certain proceedings had, shall be forever precluded from bringing another appeal, or writ of error, on the same judgment. Kirby's Digest, § § 1203-1206. In case an appeal is taken the appellee may take a cross appeal. All of which evidences an intent to avoid unnecessary delay, and to confine the relief of the appellee to a cross appeal. *Caston* v. *Caston,* 54 Miss. 512.

In *McCabe* v. *Emerson,* 18 Pa. St. 111, it is said: "In *Henderson* v. *Irwin,* decided at the September term, 1848, at Pittsburgh, not yet reported, it is ruled that when a party omits to sue out a writ of error before the final adjudication of the

Supreme Court on a writ sued out by his adversary, he waives or loses the right to take a writ of error himself. A writ of error will not lie, for that in effect would be to reverse or call in question a final judgment already rendered by this court."

In *Corning* v. *Troy Iron & Nail Factory,* 15 How. (U. S.) 465, Mr. Justice GRIER, speaking for the court, said: "There must be an end to litigation some time. To allow a second appeal to a court of last resort on the same questions which were open to dispute on the first would lead to endless litigation. It is said by this court in *Martin* v. *Hunter,* (1 Wheat. 355), 'A final judgment of the court is conclusive upon the rights which it decides, and no statute has provided any process by which this court can revise its judgment.' * * It follows, therefore, that when a complainant has a decree in his favor, but not to the extent prayed for in his bill, and the respondent appeals, if the complainant desires a more favorable decree, he must enter a cross appeal that when the decree comes before the appellate court he may be heard. For, when the decree is either affirmed or reversed by the appellate court, it becomes the decree of that court, and can not be the subject of another appeal."

In this State the statute provides that the cross appeal shall be prayed for and obtained by an entry upon the record of the Supreme Court, at any time before the cause is submitted for decision. *Beidler* v. *Beidler,* 71 Ark. 318. In this way it provides that all questions arising on appeal shall be disposed of in one judgment or decree.

But appellants have treated the part of the decree from which they have taken an appeal as a separate and independent decree. This was not permissible. Plaintiffs complained of only one wrong. The question was, how should it be remedied or prevented? To decide it, it was necessary to have all the defendants before the court. The making of two orders did not divide the subject-matter of the suit. The making of one made the other, in the estimation of the court, necessary to afford the relief to plaintiffs. One was dependent on the other. If the court committed any error to their prejudice by deciding any question against them, they could have taken a cross appeal, and brought the whole case here as it was before the chancery

court. Having failed to do so before the appeal taken by the defendants was disposed of, they can not do so afterwards.·

Appeal dismissed.