(85 South. 694)

**PEOPLE'S SAV. BANK OF TALLASSEE v. UNION BANK & TRUST CO.**
(5 Div. 729.)

(Supreme Court of Alabama. May 13, 1920. On Rehearing, June 30, 1920.)

**1. Equity** ⬤389—Decree several terms after submission not erroneous.

A decree awarding complainant relief several terms after submission of the cause was not thereby erroneous, since it must be assumed, in the absence of any objection by the parties, that they were content with the original submission of the cause to the court, and that no resubmission in term time or otherwise was necessary to invest the court with full power and authority to determine the cause.

**2. Appeal and error** ⬤1044 — Omission of court to order statement of account not prejudicial.

That the court, in an action for an accounting, did not "order a statement of said account" proceeding itself to ascertain and establish a certain sum of money as the amount due, did not prejudice defendant; the decree indicating unmistakably the judicial conclusion that the right of the complainant to an accounting had been established.

**3. Account** ⬤20(1)—Reference discretionary with court of equity.

A decree in an action for an accounting will not be reversed, because the court took the burden of stating an account between the parties, instead of ordering a reference for that purpose, where there was no abuse of discretion; a discretion being reposed in the court exercising equity jurisdiction to determine whether a matter of account should be referred to the register for hearing and report.

On Rehearing.

**4. Account** ⬤20(1) — Failure to take testimony by party held not to impute error to the court in stating account.

The omission of a party, who joins in the submission of a cause for final decree for an accounting, to take and note testimony in support of his view of the state of the account or its items, will not suffice to impute error to the court that itself, on a submission for final decree, assumed, as it may do, to state the account between the parties.

Appeal from Circuit Court, Elmore County; Gaston Gunter, Judge.

---

Bill by the Union Bank & Trust Company, as administrator, against the People's Savings Bank of Tallassee, for an accounting and to enjoin the foreclosure of a mortgage. Decree for complainant, and respondent appeals. Affirmed.

Smoot & Morrow, of Wetumpka, for appellant.

The court erred in stating an account before determining the right of complainant to an accounting. 1 Corpus Juris, 643. Even after a decree pro confesso, only a decree directing that an account be taken should be rendered. 1 Corpus Juris, 643, 644, and cases there cited. It is irregular and erroneous to render a decree on a submission made 17 months previously.

A. A. Evans, of Montgomery, for appellee.

A chancellor may state an account. Sims, Chancery Practice, § 598; 49 Ala. 590; 52 Ala. 444. The other insistencies are not such as to require action by the court.

McCLELLAN, J. [1] The appellee, as administrator of the estate of Mollie T. Ware, deceased, filed this bill against the appellant for an accounting, and, pending the hearing, an injunction to prevent the foreclosure of a mortgage upon intestate's lands. The injunction pendente lite was issued as prayed, but was later dissolved. The submission of the cause was had in June, 1917. The decree awarding complainant relief in respect of the adjudication of the subject of the account was rendered the 5th day of November, 1918. Since terms of the court were held after this submission, the appellant asserts, without citation of any authority, that "it is irregular and erroneous to render a decree" under such circumstances. In the absence of any objection by the parties, it must be assumed that they were content with the original submission of the cause to the court, and that no resubmission in term time or otherwise was necessary to invest the court with full power and authority to determine the cause. There is no merit in this contention of the appellant.

[2, 3] The only other criticism of the decree is that the court did not "order a statement of said account," proceeding itself to ascertain and establish a certain sum of money as the amount due. The decree would have the better conformed to the proper practice, if it had expressly adjudged the complainant's right to an accounting, and have then proceeded to order a reference in accordance with appropriate directions. However, the decree indicates unmistakably the judicial conclusion that the right of the complainant to an accounting had been established. The mere clerical omission to so adjudge in express terms was a fault in the structure of the decree that was of no prejudice to appellant. The voluntary assumption by the court of the heavy burden of itself stating the account from the written evidence before it, instead of referring the matter to the register, was unusual. A discretion is reposed in the courts exercising equity jurisdiction to determine whether a matter of account should be referred to the register for hearing and report. See Levert v. Redwood, 9 Port. 79; Chambers v. Wright, 52 Ala. 444, 451; Richardson v. Horton, 139 Ala. 350, 35 South. 1006. And, so far as we are now advised, this court has not reversed a decree because the court took the burden of stating an account between the parties, instead of ordering a reference for that purpose. This action of the court cannot be assumed to have led to an erroneous result, and the appellant does not contend that such was its effect; nor is it even asserted for the appellant that a different result would have been attained upon a reference. The grounds upon which a reversal is sought are not well taken.

The decree is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

PER CURIAM. [4] Upon reconsideration of the conclusions given effect on original submission, in the light of the brief filed in support of the application for rehearing, the court is not convinced that error affects those conclusions. No reference to the register to state the account, if found to be complainant's (appellee's) due, was prayed in the bill. Whether a reference to the register to state an account shall be ordered is a matter submitted to the discretion of the court. Such has long been the settled practice in this jurisdiction. An abuse of this discretion is not shown in the present instance. Parties to causes must be held to know of the existence of this discretion, and of the power of the court without ordering a reference, to itself state an account. The omission of a party, who joins in the submission of a cause for final decree for an accounting, to take and note testimony in support of his view of the state of the account or its items will not suffice to impute error to the court that itself, on a submission for final decree, assumed, as it may do, to state the account between the parties. To impute error in such circumstances would necessarily require the affirmation that the court abused the discretion with which it is vested to itself state the account.

Rehearing denied.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.