8 So.2d 571

**SMOOT v. MILLER.**

**6 Div. 966.**

Supreme Court of Alabama.

June 11, 1942.

Horace C. Wilkinson, of Birmingham, for appellee.

Erle Pettus, of Birmingham, for appellant.

FOSTER, Justice.

This is an appeal by both the complainant and respondent from a final decree in a cause which was here previously on appeal from a decree overruling demurrer to the bill of complaint. 238 Ala. 14, 189 So. 67.

■ Complainant assigns errors, but respondent has not done so, and the cause was continued as to the appeal of respondent. This was not pursuant either to the Code of 1940, Title 7, section 746, or to Supreme Court, Rule 3, as amended, 240 Ala. XVI. We do not wish to imply that an appellee may appeal from the same decree except as provided in those statutes. 4 Corpus Juris Secundum 110, Appeal and Error, § 35; Howell v. Jackson, 86 Ark. 530, 533, 111 S.W. 999; Kinney v. White, 215 Ala. 247, 110 So. 394.

We are here only concerned with the appeal by complainant.

The nature of the suit was set out on the former appeal to which reference is here made without repeating it.

The prayer is that respondent be ordered to "account to complainant for his administration and handling of the securities listed above and any others which may have been bought by him with the proceeds of funds derived from the sale of any securities listed above; and complainant further prays that in the event that such an accounting shows a deficiency between the market value of the securities originally delivered to the respondent and the securities now held by him for complainant, that this honorable court will enter a judgment in favor of complainant and against the respondent for the amount of such deficiency," and for "an order herein directing the respondent to deliver to the complainant said securities."

The bill sets out in full the letter and statement of October 25, 1937, copied in the report of that case.

The trial court had a hearing of the witnesses all testifying in open court, as set out in the record. He found from it that the securities obtained by respondent from complainant or the proceeds derived from them were held in trust by respondent, and that he has not paid to complainant anything on account of the same nor restored to her any of the securities, and thereby breached his trust obligation: but that he admits an indebtedness to her as of October 25, 1937, of $7,670; and that there has been a failure of complainant to locate any property upon which to fix a trust, or identify any property in his possession into which the trust can be traced, and that therefore the court can only render a personal judgment for $7,670 with interest at eight percent, as agreed, from October 25, 1937. Thereupon the court rendered such a decree.

Appellant contends that the decree did not go far enough, but that the court should have enforced her claim upon the property itself and ordered it restored to her, or that a lien be enforced on the proceeds of it.

The respondent testified that at the time the suit was brought he had liquid assets up to about $4,500. At another place he testified that he had $5,000 in stocks, about $1,700 in money, when he discussed the matter with complainant's attorney before the suit was begun, and that about ninety percent of it was in Birmingham, and the stock certificates in a vault, presumably in Birmingham. (Record pages 70, 71.) His statement of October 25, 1937, shows that he invested her money in the Natural Gas and Coca Cola stocks. It speaks of what "you (meaning complainant) paid" for it. He also testified that at the time of the trial he had none of it; had used and consumed it all. He was evasive as to what disposition he made of his stock. But no ruling was made by the court in that connection which was erroneous.

■ The legal question we have is the power of the court over the person of respondent who has, during the suit seeking to fasten a trust on property, disposed of it. Of course we could not operate on the purchaser of stock pendente lite, without making him a party to the suit. Patton v. Darden, 227 Ala. 129, 148 So. 806.

■ If the personal property on which a lien is sought has been disposed of or consumed pending a suit so that it cannot be found, the lien on it is not enforceable. Complainant could have had an injunction to prevent such disposition upon proper showing, or a receiver appointed. But to enforce a right in rem, the thing must be found or something into which it has been traced. The trial court was unable from the evidence to locate at the time of trial any such property, or its proceeds or to trace it into any other available property. There was nothing on which an "in rem" decree could be founded. In its absence a personal judgment was all that was available and that was rendered to the full amount claimed. Patton v. Darden, supra; Webb & Aigner v. Darrow, 227 Ala. 441, 150 So. 357; Kelley v. Woodley, 228 Ala. 401, 153 So. 745.

The decree of the court should not be reversed for the failure to establish an in rem status in the absence of evidence. There were available sources possibly to be used by complainant to ascertain the parties who purchased the stock or to show that respondent still has it contrary to his evidence. The stock books of the company would show that. But that leads into matters not presented. There was no other accounting to which complainant was entitled upon a consideration of the evidence than such as was decreed.

The orderly practice to be pursued in equity for an accounting is first to ascertain and decree that complainant is entitled to an accounting and then order a reference to state the account. 1 Corpus Juris Secundum 680 et seq., Accounting, § 40, subsecs. a, b, and c. The court in its discretion can dispense with the reference and proceed to state the account himself, after ascertaining that complainant is entitled to an accounting. People's Sav. Bank v. Union Bank & Trust Co., 204 Ala. 406, 85 So. 694; Hale v. Cox, 240 Ala. 622, 200 So. 772; Stanley v. Beck, 242 Ala. 574, 7 So.2d 276.

In this instance a formal accounting was not necessary, since both complainant and respondent agreed on the amount of the liability.

No other relief was available on the findings by the court.

Affirmed on the appeal of complainant.

GARDNER, C. J., THOMAS, and BROWN, JJ., concur.