118 So.2d 757

**Ex parte Corra CUNNINGHAM, alias, et al.**

**I Div. 812.**

Supreme Court of Alabama.

March 10, 1960.

N. S. Hare, Monroeville, for petitioners.

B. E. Jones & R. L. Jones, Evergreen, for respondent.

GOODWYN, Justice.

This is an original petition for manda- mus filed here by the complainants in a suit pending in the circuit court of Monroe County, in equity, to require Hon. A. H. Elliott, as Judge of said court, to order W. J. Andress, Jr., one of the respondents below, to answer certain interrogatories propounded to him by complainants. Judge Elliott has filed an answer to the petition, having waived issuance of a rule nisi.

It being made known to the court that Corra Cunningham, one of the petitioners, has died since submission of the cause, an order of revival has been entered in the names of her heirs.

The main case was before us in Cunningham v. Andress, 267 Ala. 407, 103 So.2d 722, 725, where the ruling of the trial court sustaining respondents' demurrer to the bill was reversed and remanded. As stated in the opinion in that case:

> "The complainants in their bill seek to redeem from an alleged void tax sale, an accounting and to enforce the equity of redemption of the 1931 mortgage which is alleged to have been never foreclosed. The bill also prayed that 'complainants be allowed to redeem the said land and property with the claims or clouds of respondents voided and removed therefrom.'"

After remandment, the respondents answered the bill setting up therein several defenses in bar of relief, including prescription, laches, adverse possession and the 3-year "short statute of limitations." Respondents also included a cross-bill in their answer praying that they be declared owners of the lands as against any claim of complainants. Complainants then propounded to the several respondents, separately, 62 interrogatories. W. J. Andress, Jr., one of the respondents, answered all of the interrogatories except Nos. 13 through 15, 22, 24 through 36, 45 through 51, and 60 and 61. In Judge Elliott's answer it is stated that "during the process of said hearing and the argument with reference to said interrogatories, * * * petitioners, by their attorneys, agreed they were not entitled to answers to interrogatories Nos. 22, 33 to 36, 45 to 51, and that interrogatory No. 23 was sufficiently answered." Such answer, not being controverted, is to be taken as true. Ex parte Central Alabama Dry Goods Co., 238 Ala. 20, 21, 189 So. 56; Lee v. Cunningham, 234 Ala. 639, 641, 176 So. 477; Ex parte Waldrop, 228 Ala. 38, 39, 152 So. 44; Code 1940, Tit. 7, § 1073. Accordingly, our concern is with interrogatories Nos. 13 through 15, 24 through 32, and 60 and 61.

The position taken by petitioners is that these interrogatories are material and relevant to the issues made by the pleadings; that, under Equity Rule 39(b), Code 1940, Tit. 7, Appendix, p. 1084, they are entitled, as a matter of right, to have the interrogatories answered; and that it is not within the trial court's discretion to determine whether the interrogatories should or should not be answered at the present stage of the case. On the other hand, Judge Elliott takes the position that the unanswered interrogatories will not be relevant unless and until it is first determined that petitioners are entitled to an accounting; that orderly procedure requires that a determination first be made as to whether a *right* to an accounting exists; and that, if it be decided that petitioners are entitled to such

relief, they "will be given full benefit of securing discovery of all such legal evidence as will assist in such accounting."

There appears to be no disagreement that petitioners are entitled to answers to those interrogatories pertinent to the establishment of petitioners' general equities entitling them to an accounting, that is, as to their *right* to redeem. This includes, of course, those interrogatories which are pertinent to the defenses set up by the respondents. The cleavage between the parties is with respect to those interrogatories going to the details of the claimed account. As we understand the bill there will be no necessity for an accounting unless it be determined that petitioners are entitled to redeem.

We are of the opinion that the position taken by Judge Elliott has merit, insofar as concerns those interrogatories relating to the details of the claimed account. However, after considering the interrogatories in the light of the issues made by the pleadings, we entertain the view that most of them are pertinent to the establishment of petitioners' *right* to redeem and to have an accounting, that is, they relate to the general equities of the case as presented by the pleadings, and not just to accounting details. Those which we think should be answered are Nos. 15, 24, 25, 27 (excluding the amount of rental charged or received, there being no inquiry as to the person charging or receiving the rental), 28 through 32, and 60.

Subdivisions (a) and (b) of Equity Rule 39, supra, authorize the exhibiting of interrogatories by one party to the other in an equity suit, it being there provided that they be answered within 30 days after service, *"unless otherwise ordered by the Court."* [Emphasis supplied.] This clearly reposes discretion in the trial court as to the time during the pendency of a suit when interrogatories should be answered. We do not think, under the circumstances of this case, that there has been an abuse of such discretion in not requir-

ing, at the present stage of the proceedings, answers to those interrogatories relating to the details of the claimed account.

While we do not find that this precise question has been discussed by this court, a situation bearing on it was considered in Smoot v. Miller, 243 Ala. 80, 83, 8 So.2d 571, 572, where it was said:

"The orderly practice to be pursued in equity for an accounting is first to ascertain and decree that complainant is entitled to an accounting and then order a reference to state the account. 1 C.J.S. Accounting § 40, subsecs. a, b, and c, p. 680 et seq. The court in its discretion can dispense with the reference and proceed to state the account himself, after ascertaining that complainant is entitled to an accounting. People's Sav. Bank of Tallassee v. Union Bank & Trust Co., 204 Ala. 406, 85 So. 694; Hale v. Cox, 240 Ala. 622, 200 So. 772; Stanley v. Beck, 242 Ala. 574, 7 So.2d 276."

The opinion in Charles Sales Corp. v. Rovenger, Fla.1956, 88 So.2d 551, 554–555, contains what we consider an ample discussion of the question. Although the interrogatories in that case were propounded under a rule (30 F.S.A. Rule 1.27, Florida Rules of Civil Procedure) similar to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., we think what was said there is appropriate in the case before us. After pointing out that the permissible scope of discovery by interrogatories to parties is "as wide as that available by deposition upon oral examination," and that " 'any matter, not privileged, which is relevant to the subject matter involved in the pending action' may be inquired into", it was said:

" * * * [T]he only point remaining to be considered is that of relevancy of the interrogatories at the present stage of the litigation. The defendant petitioner contends that the plaintiff is prematurely seeking discovery as to items of account before

it has been established that he is entitled to an accounting. Is such discovery 'relevant to the subject matter' of the action? This resolves itself into the broader question of the propriety of allowing discovery before trial as to the relief sought.

"The Supreme Court of the United States had occasion to consider this question in 1933 in Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 737, 77 L. Ed. 1449. Professor Moore quotes the following enlightening language from the opinion in that case, which, he states, is still good law under the Federal Rules (4 Moore's Federal Practice, Sec. 26.18, p. 1072):

" 'The remedy of discovery is as appropriate for proof of a plaintiff's damages as it is for proof of other facts essential to his case. * * *

* * * * * *

" 'There are times when a suit is triable in separate parts, one affecting the right of liability, and the other affecting the measure of recovery. In suits of that order a discovery as to damages will commonly be postponed till the right or liability has been established or declared. * * *

" 'A different situation is presented where the action is at law and is triable by judge and jury. There interlocutory judgments are unknown * *. In such circumstances damages may be proved with the aid of a discovery, if the complication of accounts or other practical impediments make it necessary that the evidence be sifted in advance. * * *

* * * * * *

" 'To hold that the plaintiff in an action at law may have discovery of damages is not to say that the remedy will be granted as of course, or that protection will not be given to his adversary against impertinent intru-

sion. * * * It is all a matter of discretion. * * *'

"As an example of a suit triable in separate parts, Professor Moore refers to a patent infringement suit where the plaintiff seeks an injunction and an accounting. In such a suit, the court will not ordinarily permit the plaintiff to obtain discovery as to the accounting until after the question of whether the plaintiff has a right to an accounting has been determined. See Zenith Radio Corp. v. Dictograph Products Co., Inc., D.C.D.Del.1947, 6 F.R.D. 597, and the numerous federal cases in accord cited in 4 Moore Section 26.18, p. 1072, n. 2.

"Is the instant case, like a patent case, triable in two separate parts? In Manning v. Clark, Fla., 56 So.2d 521, 523, we said, speaking of the ordinary equity suit for an accounting:

" 'It is well settled that in suits for an accounting, where the answer does not admit the allegations of the complaint and there is no consent to entry of a decree, the proper practice is for the court to determine the initial question of plaintiff's right to an accounting, and an accounting may then be decreed if the finding is in favor of plaintiff upon the preliminary issue. Warden v. Richardson, 203 Okl. 474, 223 P.2d 338; Ewalt v. Hudson, Mo. App., 223 S.W.2d 132; Larson v. Crescent Planing Mill Co., Mo.App., 218 S.W.2d 814; Jackson v. Elmont Cemetery, Sup., 80 N.Y.S.2d 407; Harris v. Young, 298 Ill. 319, 131 N.E. 670; 1 Am.Jur. 306; 1 C.J.S. Accounting § 40, p. 680.'

"It thus appears that the question must be answered in the affirmative, and that discovery as to the accounting must be deferred until the preliminary issue of the right to the accounting is settled.

" * * * The complicated nature of the accounts may be subjected to discovery and proved without seeking compilations of figures which anticipate the accounting and which will be useless if the plaintiff cannot prevail upon the preliminary issue. We are constrained to hold, therefore, that the order overruling the objections at this stage of the case was in error."

From what we have said, it follows that a writ of mandamus is due to be awarded unless the respondent, after being advised of this opinion, is content to order W. J. Andress, Jr., to answer those interrogatories which we have said should be answered.

Writ awarded conditionally.

SIMPSON, STAKELY, MERRILL and COLEMAN, JJ., concur.