## Brewer, *et al. v.* Kaul Lumber Co.

*Bill to Enjoin Trespass and for Damages.*

(Decided May 13, 1915. 69 South. 84.)

1. *Equity; Decree Pro Confesso; Evidence.*—Evidence of recoverable damages is necessary in a bill for trespass, notwithstanding the taking of a decree pro confesso.

2. *Trespass; Persons Liable.*—Where the bill was filed against B., M. and P. for trespass on land by cutting and removing timber therefrom, and the evidence showed that P. alone caused the injury complained of, before either B. or M. was associated with him, said B. and M. were not liable, and the money judgment should have been confined to P.

APPEAL from Shelby County Court.

Heard before HON. E. S. LYMAN.

Bill by the Kaul Lumber Company against J. R. Phillips and others to enjoin a trespass and for a recovery of damages. From a decree for complainant. the respondents Brewer and Moore appeal. Corrected as to the appealing respondents and affirmed.

The bill alleges that complainant is the owner of certain lands, valuable only for timber purposes, and that respondents own and operate a sawmill on adjoining lands, and have entered upon, wrongfully and unlawfully cut and carried away timber from said land; that the trespasses have been repeated and continued, although respondents and their agents and servants have been repeatedly warned not to do so. The bill alleges that Phillips was alone until the 19th day of October, 1913, but since that time has associated with him Brewer and Moore, and that they, together with Phillips, have continued to trespass. There was decree pro confesso, and, after proof taken as to the damage, judgment was entered decreeing a money judgment of $225 against respondents named.

RIDDLE, ELLIS & RIDDLE, for appellant.

TILLMAN, BRADLEY & MORROW, and BROWNE, LEEPER & KOENIG, for appellee.

SAYRE, J.—(1,2) After the decree pro confesso, evidence was necessary to prove the recoverable damages. The proof of damages, in connection with the averments of the bill, disclosed the fact that the defendant Phillips alone, and before the defendants appellants, Brewer and Moore, were "associated" with him, had caused the injury for which complainant sought damages. In these circumstances defendants Brewer and Moore should not have been charged with the dam-

ages covered by the decree for money. In other respects the decree was correct and is not complained of. The decree will be corrected at the cost of the appellee, so as to relieve Brewer and Moore of the decree for damages. In other respects the decree will be affirmed.

Corrected and affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.