(76 South. 867)

WATERS v. WATERS. (1 Div. 988.)

(Supreme Court of Alabama. Nov. 15, 1917.)

DIVORCE ⊝⟶109—BURDEN OF PROOF—CONDONATION.

In a suit for divorce on the ground of adultery, the burden of proof is on respondent respecting the issue of condonation.

Appeal from Circuit Court, Mobile County; Thomas H. Smith, Judge.

Suit in equity by E. M. Waters against Ella Waters. From a decree in favor of defendant, plaintiff appeals. Reversed and rendered.

D. B. Cobbs, of Mobile, and S. C. Jenkins, of Bay Minette, for appellant. Armbrecht, McMillan & Caffey, of Mobile, for appellee.

SOMERVILLE, J. The bill is filed by the husband for a divorce from his wife on the ground of adultery. The original bill charged adultery with one Halliday; and, by amendment filed after testimony taken, adultery was charged with one Hall and divers other persons. The answer denies the charges, and sets up condonation if the charges should be found to be true.

Many witnesses were examined, and most of the material testimony is of a character which forbids public discussion. We are satisfied that respondent has been guilty of repeated acts of adultery, and the only real question is whether or not those acts have been condoned by complainant; i. e., whether with full knowledge thereof he resumed marital relations with respondent. Upon this issue the burden of proof is, of course, upon respondent. We have given due consideration to the evidence, and in view of the age and good character of complainant, and the bad character of respondent and her obvious untrustworthiness, we cannot reach the conclusion that complainant had any sexual relations with respondent after he had knowledge of her misconduct, if at all— especially after he had knowledge of her misconduct with Hall. A discussion of the evidence will not be indulged in, and the mere statement of our conclusion must suffice.

Let the decree of the chancery court be reversed, and one here rendered divorcing complainant from respondent as prayed for in the bill.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.