17 So.2d 872

## BELL v. BELL.

### 6 Div. 207.

Supreme Court of Alabama.

May 11, 1944.

J. D. Edge, of Calhoun, Ga., and Irby A. Keener, of Centre, for appellant.

C. R. Robinson, of Birmingham, for appellee.

STAKELY, Justice.

On August 16, 1943, Vergie Bell filed a bill for divorce in the Circuit Court of Jefferson County, in Equity, against William Taft Bell on the ground of voluntary abandonment from bed and board for two years next preceding the filing of the bill. Among other allegations, the bill contains the following: "Complainant is now and has been for more than two years next preceding the filing of this Bill, a bona fide resident citizen of Jefferson County, Alabama. William Taft Bell, the respondent, is a non-resident of the State of Alabama, his present address being % J. D. Bell, route No. 2, Calhoun, Georgia." This allegation is in accordance with § 27, Title 34, Code of 1940.

Service by registered mail was duly made on the respondent. § 2(b), Equity Rule 5, Code 1940, Tit. 7, Appendix. In due course a decree pro confesso was taken against the respondent. The undisputed testimony then taken in the cause supports the allegations of voluntary abandonment and of residence set forth above. A final decree of divorce was rendered on September 23, 1943.

On October 20, 1943, the respondent filed the following:

"Notice of Appeal.

"Now comes the Defendant, William Taft Bell, in the above named and stated case and files this his appeal from the judgment rendered in the matter on September 4, 1943, and by reason of same says:

"1. Defendant denies the allegations of the petition as laid.

"2. Defendant shows further that Plaintiff has not been a resident of the State of Alabama for the statutory time required by law to establish a residence becoming a bona fide citizen of said State.

"3. Defendant further shows that Plaintiff was a resident of Gordon County, Georgia on March 15th, 1943, at which time plaintiff and defendant made joint income tax return at that time.

"4. Wherefore, Defendant prays that this his grounds of appeal be inquired into and that the divorce heretofore granted on September 4th, 1943, between the Plaintiff and defendant be set aside on the grounds of fraud in the procurement of the same."

Thereafter on November 4, 1943, the respondent took this appeal by giving security for the costs of the appeal as provided in § 766(b), Title 7, Code of 1940. Citation was thereupon issued by the register, notifying the complainant of the appeal.

It is contended here by appellant that the decree of the lower court should be set aside for fraud in its procurement and lack of jurisdiction to render the decree. It is

514

complained that the complainant was in truth a resident of Georgia.

■■ On appeal all questions must be determined by the record, as this court is governed by the record. Matter dehors the record will not be considered to contradict the record. No question of jurisdiction was raised in the lower court. Even if the so-called "notice of appeal" filed October 20, 1943, is regarded as in effect a motion to set aside the final decree, no action was taken thereon by the lower court. No defects of jurisdiction appear in the record on which we would act ex mero motu. The necessary jurisdictional allegations with reference to the residence of the complainant are contained in the bill. On this appeal the record refutes the contentions of appellant. Garrett v. State ex rel. Matthews, 235 Ala. 457, 179 So. 636; 3 Am.Jur. p. 284; 3 Am.Jur. p. 216.

The judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.