20 So.2d 517

**PARTLOW v. PARTLOW.**

7 Div. 809.

Supreme Court of Alabama.
Jan. 11, 1945.

Jas. L. Carter, of Anniston, for appellant.

John D. Bibb, of Anniston, for appellee.

260

original bill and restoring the cause to the docket for further proceedings.

The defendant in the divorce proceeding and complainant in the bill of review was a nonresident of the state and the alleged error apparent on the record was the court proceeded to a final decree without acquiring jurisdiction of the person of the defendant.

The statute, Code 1940, Tit. 34, § 23, prescribing the "Mode of proceeding in divorce suits," provides that, "The proceeding must, in all respects, be conducted as other suits in equity, except as herein otherwise directed. The cause for which the divorce is sought must be alleged in the bill, to which the other party must be made defendant; and if a nonresident, publication made as in other equity suits. * * *."

The record shows that although the bill in the divorce proceeding alleged that the defendant was a nonresident of the state, publication was not made as prescribed by the statute, nor was any affidavit filed as to such nonresidence until after the final decree of divorce was granted. Nor were the allegations of the bill as to such nonresidence of the defendant supported by affidavit as required by Equity Rule 5, subsection 2(b), Code 1940, Tit. 7 Appendix, authorizing generally the service of adult nonresident defendants by registered mail. But a copy of the bill with summons attached was forwarded to the address of defendant by the register by registered mail, with return receipt demanded, and received and filed.

In Martin v. Martin et al., 173 Ala. 106, 111, 55 So. 632, 633, it was observed by Justice McClellan:

"The jurisdiction of courts of equity to dissolve the bonds of matrimony is purely statutory. Nelson on Div. §§ 10, 17, 18, 19; 1 Pom.Equity Jur. §§ 98, 112 (subd. 10); 14 Cyc. pp. 581, 582; 9 Am.& Eng.Ency. Law, p. 726. Accordingly, the power to grant divorce a vinculo is not of the general jurisdiction of courts of equity; but they are in that respect, courts of limited and special jurisdiction. 'Where a special authority, in derogation of the common law, is conferred by statute on a court of general jurisdiction, it becomes quoad hoc an inferior or limited court.' State v. M. & G. R. Co., 108 Ala. 29, 18 So. 801; Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 So. 903; Gunn v. Howell, 27 Ala. 663, 62 Am.Dec. 785.

BROWN, Justice.

This appeal is from the final decree of the Circuit Court of Calhoun County, in Equity, entered on a bill of review; reviewing and vacating for error apparent a decree of said court formerly entered in a divorce proceeding and expunging all of the proceedings in said divorce proceedings subsequent to the filing of the

"With respect to the judicial acts of courts exercising special and limited jurisdiction, the existence of jurisdictional facts is not inferred from the mere exercise of jurisdiction, but must affirmatively appear from the record. Goodwater Warehouse Co. v. Street, 137 Ala. 621, 625, 34 So. 903, and authorities there cited. In such cases 'a compliance with the requisitions of the statute is necessary to its jurisdiction, and must appear on the face of its proceedings.' State v. M. & G. R. Co., supra. It follows, as of course, that such jurisdiction cannot be obtained or conferred by the proclamation thereof, positively or by invited necessary inference, in the order or decree of a court assuming to exercise a limited special authority. Neville v. Kennedy, 125 Ala. 149, 28 So. 452, 82 Am.St.Rep. 230; Pollard v. Hanrick, 74 Ala. 334."

This holding has been consistently followed and is in consonance with the weight of authority in this country. Crimm v. Crimm, 211 Ala. 13, 99 So. 301; Tillery v. Tillery, 217 Ala. 142, 115 So. 27; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Waters v. Waters, 200 Ala. 541, 76 So. 867.

"It is generally recognized in this country that the power to grant a divorce is not within the inherent general jurisdiction of courts of equity. Such courts have no cognizance of divorce proceedings except by statutes which necessarily prescribe and limit the powers of the courts, * * *." 17 Am.Jur. p. 274, § 243.

"Divorce proceedings are not regarded as proceedings strictly in rem, and process of some kind, either personal or substituted, must be served upon the defendant or he must voluntarily appear in order to confer jurisdiction upon the court to decree a divorce. * * *." 17 Am.Jur. p. 276, § 247.

In the absence of special statute relating to process in actions for divorce the process by which a divorce action is instituted and defendant notified thereof is governed by the practice applicable to suits in equity. Substituted service of process if made must be in accordance with the requirements of the statute or rules of practice of the forum, and the mere fact that the defendant has actual knowledge or notice of the institution of the proceeding against him is not sufficient to give the court jurisdiction. 17 Am.Jur. p. 295,

§§ 281, 282; Burns v. Burns, 133 Miss. 485, 97 So. 814.

The effort at service by registered mail unsupported by affidavit as required by Rule 5, subd. 2(b) Equity Practice, Code 1940, Tit. 7 Appendix, p. 1041, was wholly inefficacious to bring the defendant within the court's jurisdiction to grant a divorce. Scott v. Shelley, 219 Ala. 122, 121 So. 396; Watters v. Watters, 210 Ala. 550, 98 So. 813. Nor did the court acquire jurisdiction through the 'special appearance of defendant's attorney limiting his appearance to the motion to quash. The exigencies of this case do not require us to determine whether or not substituted service by registered mail on a nonresident in a divorce proceeding is efficacious to give the court jurisdiction of the person. That question will be decided when presented. The bill for divorce being submitted for final decree without the court obtaining jurisdiction of the person of the defendant by due process was properly vacated. Rochelle v. Rochelle, 237 Ala. 530, 187 So. 451, and authorities cited.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.