## AMERICAN FABRICS CO. et al. v. COUTURIER.

### No. 578.

District Court, N. D. Alabama, E. D.

April 4, 1946.

Knox, Liles, Jones & Woolf, of Anniston, Ala., for plaintiffs.

Cabaniss & Johnston, of Birmingham, Ala., for defendant.

MULLINS, District Judge.

This action originated in the Circuit Court of Calhoun County, Alabama, sitting in equity, being a statutory proceeding under Section 105, Title 10, Code of Alabama 1940, for the dissolution of a corporation, the owners of two-thirds of the common stock consenting and joining as plaintiffs and the owner of less than one-third of the

stock being the defendant. The defendant being a non-resident of the State of Alabama, the plaintiffs had service upon the defendant accomplished by means of the procedure described by Rule 5, 2(b), of the Alabama Equity Rules, Title 7 Appendix, Code of Alabama 1940, page 1041, which is as follows:

"When an adult non-resident of this State is made a party defendant to a suit, if his place of residence and post office address are known, such residence and post office address shall be stated in the bill of complaint, and if supported by affidavit of the plaintiff, his agent or attorney, service of process upon such defendant may be had by the register by mailing to him by registered mail, postage prepaid, a copy of the bill of complaint or cross-bill (if the cross-defendant is not a plaintiff in the bill) together with a summons to answer the same within thirty days from the receipt thereof. The envelope containing the bill of complaint and summons shall be marked 'for delivery only to the person to whom addressed,' and a return receipt shall be demanded of the Post Office Authority, to be addressed to the register of the court in which the suit is pending; and such receipt when received in return shall be filed in the cause and entered upon the final record of the court together with a certificate of the register giving the date that the summons and other paper were mailed by him, and the date the return receipt was received by him; and such receipt and certificate shall be prima facie evidence of service of process upon such defendant, service being dated from the date of receipt of the return receipt by the register. If no return receipt be received by the register within fifteen days after the mailing of the summons, then service may be had by publication as under Rule 6."

The Register of the Circuit Court of Calhoun County, Alabama, sitting in equity, filed his certificate in the case stating that he received the return receipt from the service by registered mail upon the non-resident defendant on January 2, 1946. Thereafter, on February 7, 1946, the said defendant filed in the state court his petition for removal and the action was removed to this court. Plaintiffs have duly filed a motion to remand, the substantial grounds of which are as follows: (1) That this court does not have jurisdiction to dissolve an Alabama corporation by the procedure described in Section 105, Title 10, Code of Alabama 1940; (2) that the petition for removal was not filed timely because it was filed more than thirty days after the service was perfected upon the defendant, thirty days being the time within which to answer in the Circuit Court of Alabama under Section 105, Title 10, Code of Alabama 1940; (3) that the matter in controversy does not exceed $3,000 because the interest of the defendant, as alleged by the pleading of the plaintiffs herein, is affirmatively shown to be less than $3,000 at its maximum value; and (4) a proceeding under Section 105, Title 10, Code of Alabama 1940 is not a suit at law or in equity within the jurisdiction of this court, as provided in Section 41(1), Title 28 United States Code Annotated.

The questions presented by the first and the fourth grounds stated are fundamentally the same: Does Section 41(1), Title 28 United States Code Annotated, give the federal court jurisdiction to dissolve a solvent state corporation under the statutory procedure of Section 105, Code of Alabama 1940, Title 10; i.e., is such a proceeding a suit at law or in equity within the terms of the federal statute conferring jurisdiction?

In Hirsch v. Independent Steel Co., C.C. W.Va., 196 F. 104, the Circuit Court for West Virginia held that the federal court did not have jurisdiction to dissolve a West Virginia corporation under a statute of that state basically similar to the Alabama statute under which the present case originated. That case distinguishes the cases assuming jurisdiction of dissolution proceedings where the corporations in question were insolvent; in those cases there is equity jurisdiction to administer the assets of the corporations as trust funds, independent of a mere statutory procedure for dissolution of the corporation. Similarly distinguishable is Smith v. Aeolian Co., D.C., 53 F.Supp. 636, heavily relied upon by defendant here. In the latter case there were, aside from the prayer for dissolution of the corporation, ample grounds of established equity jurisdiction, including

allegations of and prayers for relief against fraud, collusion, mismanagement, abuse of trust, waste, etc., clearly giving the court jurisdiction because of the presence of a typical, traditional suit in equity.

The present case presents a statutory proceeding not of the traditional nature of a suit at law or in equity, but rather a peculiar statutory procedure enacted as a method for the sovereign to dissolve the entity created by it. At best, it is doubtful whether a federal court is authorized to entertain a proceeding merely to dissolve a solvent state corporation.

The second ground of the motion to remand also appears to be well taken. Defendant contends that Section 105, Title 10, Code of Alabama 1940, required service upon non-resident defendants by publication and that said statute, since it provides for a particular form of substituted service, must be strictly construed and strictly followed for the service of process to be valid, and that service in this case having been had by registered mail rather than by publication, the service of process upon the defendant was invalid, and, therefore, the time within which defendant was called upon to answer in the state court has not yet commenced and, therefore, his petition for removal was timely made. This raises the issue between the parties as to whether service in this case may be had by registered mail. Rule 1 of the Alabama Equity Rules, Title 7 Appendix Code of Alabama 1940, contains the following provision:

"These rules * * * shall * * * supersede all sections of the Code and Statutes, or parts thereof, in conflict with these Rules."

Equity Rule 5, 2(b), quoted above, unqualifiedly authorizes service by registered mail upon an adult non-resident party defendant to an equity suit, provided its provisions are followed. Here it is not disputed, and it was admitted upon oral argument, that the plaintiffs strictly complied with all of the provisions of said Rule 5, 2(b), in perfecting service on the defendant by registered mail.

■ The statute under which plaintiffs' proceeding is brought does provide for service by publication. However, by the express provision of Rule 1, any statutes, or parts thereof, in conflict with the Alabama Equity Rules are superseded by said rules. Alabama Equity Rule 5, 2(b), above quoted, does without qualification or exception authorize a plaintiff to obtain service by registered mail upon a non-resident adult defendant in a suit cognizable in courts with equity jurisdiction. This rule became effective long after the enactment of Section 105, Title 10, Code of Alabama 1940, and appears to supersede the provision of said Code Section providing only for service by publication on a non-resident defendant in a case of this kind. While the appellate courts of Alabama alone can authoritatively decide this question—which they have not yet done, cf. Partlow v. Partlow, 246 Ala. 259, 20 So.2d 517—it is my opinion that service by registered mail is valid in this case.

■ In this view of the validity of the service in this case, the petition for removal was not filed within the time required by Section 72, Title 28 United States Code Annotated, which requires that a petition for removal be filed "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." The petition for removal not being filed within the time required by law, the motion to remand should be granted. Kansas City R. Co. v. Daughtry, 138 U.S. 298, 11 S.Ct. 306, 34 L.Ed. 963.

■ The conclusion that this case should be remanded to the state court is buttressed by the weight of authority that holds that a case should be so remanded where there is substantial doubt as to the jurisdiction of the federal court. Breymann v. Penn. O. & D. R. Co., 6 Cir. 1930, 38 F.2d 209, 213; Western Union Tel. Co. v. L. & N. R. Co., D.C.Tenn.1912, 201 F. 932, 945; Garner v. Mengel Co., D.C.Ky. 1943, 50 F.Supp. 794. This doctrine is particularly applicable here where acceptance of jurisdiction would necessitate a holding that the mode of service of process pursued by plaintiffs was invalid, a question which has not yet been passed upon by the Alabama courts, and a question that must

be left for the ultimate definitive decision to the courts of Alabama. Cf. Spector Motor Co. v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152; American Federation of Labor v Watson, 66 S.Ct. 761.

It is unnecessary to consider the other grounds of the motion to remand. An order will be entered granting said motion.