59 So.2d 614

## CULLARS v. CALLAN.
### 5 Div. 509.

Supreme Court of Alabama.
April 17, 1952.

Walker & Walker, Opelika, for petitioner.

Brown & McMillan, Opelika, opposed.

LIVINGSTON, Chief Justice.

We granted the writ of certiorari directing the Court of Appeals to send up the record, in order to review the decision of that court in the case of Jos. A. Cullars v. John A. C. Callen.

The suit was commenced in the Circuit Court of Lee County, Alabama, by affidavit in attachment proceedings, and upon which a writ of attachment was issued and served by the Sheriff of Lee County, by levying upon property of the defendant in attachment, a non-resident of the State of Alabama. Admittedly, all of the provisions of section 852, Title 7, Code of 1940 were complied with.

The Court of Appeals held in effect, that in order for the Circuit Court to acquire jurisdiction in the cause there must be a compliance with sections 201 and 202, Title 7, Code of 1940. In other words, that in order for the Circuit Court to acquire jurisdiction in suits commenced by attachment, against a non-resident defendant whose address is known, in addition to the proceedings provided in section 852, supra, plaintiff must file a complaint, or petition, in the cause, together with the summons to answer, plead or demur to such complaint, or petition, within thirty days from the service thereof; and which summons and complaint, together with the writ of attachment and return of the sheriff or other officer, must be served by registered mail in accordance with said section 202, supra.

We are compelled to disagree with the Court of Appeals in its interpretation of the several Code sections involved, and its interpretation of the legislative intent in respect to certain changes made by the Legislature in some of the statutes.

Sections 201, 202, 340, 852, 882 and 883, Title 7, Code of 1940, were enacted simultaneously upon the adoption of the current Code, and, though not juxtaposed, must be construed together and each given operation, if possible, because they all relate to the same subject matter. These Code sections, with the exception of sections 882 and 883, are quoted in the opinion of the Court of Appeals and need no repetition here.

Sections 882 and 883, provide:

"§ 882. Complaint, when to be filed; time of trial.—If the demand is due at the time of suing out the attachment, the plaintiff must file his complaint within fifteen days after the attachment is sued out. If the claim or demand is not due when the attachment is sued out, the plaintiff must file his complaint within fifteen days after the claim or demand shall become due."

"§ 883. Summons; issue and service of in attachment cases.—Whenever a complaint is filed in a suit begun by attachment, whether at the time of suing out the attachment or subsequently thereto, upon the demand of the plaintiff therefor, a summons shall issue upon the complaint in all respects, and with the same effect as if the suit had been begun by summons and complaint. The issuance and service of such a summons and complaint shall in no manner affect the levy or lien of the attachment, or the enforcement thereof."

We think the Court of Appeals fell into error in holding in the opinion and decision in this case that sections 201 and 202 of Title 7 of the present Code provide an exclusive remedy in cases falling within the particular category set forth in those sections. We are unable to agree with the Court of Appeals because the Legislature carried forward into the Code of 1940 section 6179 as section 852 of Title 7, expressly providing that where the residence of the defendant is known or can be ascertained, service may be had by publication with a copy of the publication sent to the defendant by mail. Nor can we agree with the decision of the Court of Appeals in its holding, in effect, that it was the intention of the Legislature adopting the Code of 1940 to repeal Code of Alabama 1923, section 9445 (identical in effect with section 9434 of that Code), insofar as it

226

relates to situations in attachment. This section is also carried forward into the Code of 1940 as section 340 of Title 7, and which is set out in the opinion of the Court of Appeals.

It cannot be said that section 340 does not relate to suits at law, for the title of the Chapter of the Code in which this section appears is *"Pleading and Practice in Courts of Law and Equity"*, and the sections of this chapter are so phrased as to apply to both courts of law and equity. By its very terms, section 340, supra, provides that service in any one manner or mode which is provided for by law shall be deemed sufficient, notwithstanding other modes or manner of service as provided by law. Certainly section 852 of Title 7, Code 1940, applies to attachment suits at law, and provides the manner or mode of service in such cases.

For the errors pointed out the cause is to be reversed and remanded to the Court of Appeals for further proceedings in accordance with this opinion.

Reversed and remanded.

All the Justices concur, except GOODWYN, J., not sitting.