66 So.2d 174

## OPINION OF THE JUSTICES.

### No. 129.

Supreme Court of Alabama.
June 23, 1953.

---

House Resolution No. 28.

Whereas, it has come to the attention of the House of Representatives of the State of Alabama that a number of divorces have been rendered in the State of Alabama where service was had by registered mail upon the defendant in such suit and for such reason the divorce may be invalid for want of service upon the defendant, and,

Whereas, there is now pending in the House of Representatives H.B.No.337 by Messrs. Morgan of Tuscaloosa, Pienezza, Harrison of Shelby, and Gallalee, relating to the mode of proceeding in divorce suits and amending further Section 23, of Title 34, Code of Alabama (1940), and,

Whereas, the Standing Committee of the House of Representatives on "Judiciary" to which said bill has been referred, has recommended said bill with an amendment that attempts to validate said divorces, as set forth in said amendment, and,

Whereas, the question has arisen as to the constitutionality of said bill if said amendment is adopted by this House and said bill should be enacted by the legislature of Alabama with said amendment incorporated in said bill.

Now, Therefore, Be It Resolved By The House of Representatives that the Justices of the Supreme Court of the State of Alabama be and they are hereby requested to render an advisory opinion and inform this House of Representatives whether or not said House Bill No. 337 would be unconstitutional and in violation of Section 104 of the Constitution of the State of Alabama, if said amendment proposed by said Judiciary Committee be incorporated therein.

Be It Further Resolved By The House of Representatives that the Clerk of the House will transmit to the Justices of the Supreme Court of the State of Alabama a copy of said House Bill together with said amendment and together with a copy of this resolution.

A Bill To Be Entitled An Act

Relating to the mode of proceeding in divorce suits; amending further Section 23 of Title 34, Code of Alabama (1940).

Be It Enacted By The Legislature of Alabama:

Section 23 of Title 34, Code of Alabama (1940), as amended by an act approved July 10, 1943, is amended further to read as follows: "Section 23. The proceeding must, in all respects, be conducted as other suits in equity, except as herein otherwise directed. The cause for which the divorce is sought must be alleged in the bill, to which the other party must be made defendant; and if a nonresident, service of process shall be by registered mail or publication, as in other equity suits. And in making his decree in the cause, the judge shall, as the evidence and the nature of the cause may warrant, direct whether the party against whom the decree of divorce is made be permitted to marry again, and where, in decrees hereafter rendered no order is made disallowing the party the right to marry again, the party shall be deemed to have the right, and in cases where the right is affirmatively disallowed to the divorced party to remarry, it shall be competent for the judge, upon petition and proper proof, to allow the petitioner to marry again, as justice may seem to require."

Judiciary Committee Amendment to H.B. No.337

Amend H.B.No.337 by adding the following words and figures at the end of said bill to wit:

"All divorces heretofore granted where the respondent was a non-resident of the State of Alabama and service was had by registered mail as provided by Equity Rule 2 of the Equity Rules of the State of Alabama are hereby validated."

204

The House of Representatives of Alabama
State Capitol
Montgomery, Alabama
Dear Sirs:

We acknowledge receipt of your communication of May 29, 1953, enclosing copy of House Resolution No. 28, in regard to certain constitutional questions concerning House Bill No. 337, with proposed Judiciary Committee Amendment thereof.

First, we note that there is an error in the proposed Judiciary Committee's Amendment to House Bill 337.. Equity Rule 2 does not provide for service by registered mail. Service by registered mail on a sane adult, nonresident defendant, is provided for by Subdivision 2(b) of Equity Rule 5, Code 1940, Tit. 7 Appendix.

The question propounded assumes the invalidity of divorce decrees granted in this state against nonresident respondents predicated upon service by registered mail as contemplated by Subdivision 2(b) of Equity Rule 5. It is the opinion of the undersigned justices of this court that such assumption is erroneous. It is perhaps thought that inasmuch as the jurisdiction of the equity courts to grant divorces is purely statutory, and that Section 23 of Title 34 of the Code of 1940, as amended by the Legislature of 1943, 1951 Cumulative Pocket Part, page 39, provides for service by publication in divorce suits where the respondent is a nonresident, that service by registered mail is ineffective for the purpose of acquiring jurisdiction of a nonresident respondent. The question is one which has not been decided by this court. .

It was said by this court in Partlow v. Partlow, 246 Ala. 259, 20 So.2d 517, 518, that:

"The exigencies of this case do not require us to determine whether or not substituted service by registered mail on a nonresident in a divorce proceeding is efficacious to give the court jurisdiction of the person. That question will be decided when presented."

Section 340 of Title 7, Code of 1940, provides:

"There shall be no objection to service of process or notice to litigants, that two or more modes of service or notice are provided for by law; but service of notice perfected in any one manner or mode which is provided for by law shall be deemed sufficient, notwithstanding other modes or manner of service and notice are provided by law."

As carried into the Code of 1940, Section 340, supra, is, in effect, a combination of Sections 9434 and 9445 of the Code of 1923, and perhaps other sections of the Code of 1923, and acts of the legislature. Section 9434 of the Code of 1923 was the codification of Section 5 of an act passed by the 1919 Legislature of Alabama, General Acts 1919, page 557. The 1919 Act provides for service on nonresident defendants and others by registered mail. Significantly, the title to that act provides, in part:

"To provide and prescribe an additional mode of service in all proceedings in the courts of this State upon non-residents of this State * * *."

It is our view that since the passage of the 1919 Act, which, in part, at least, is embodied in the present Section 340, Tit. 7 of the 1940 Code of Alabama, service on nonresident defendants in divorce cases, when perfected according to statute by registered mail, is efficacious to confer jurisdiction on the circuit courts, in equity, in divorce proceedings. See Cullars v. Callan, 257 Ala. 224, 59 So.2d 614.

It is perfectly apparent, therefore, that the amendment proposed by the House Judiciary Committee is innocuous—if indeed not necessary. Inasmuch as the foregoing is necessarily involved in answering your constitutional inquiry, we have thought it proper to so respond.

Respectfully submitted,
J. ED LIVINGSTON
    Chief Justice
ROBERT T. SIMPSON.
DAVIS F. STAKELY
PELHAM J. MERRILL'
    Associate Justices

Your inquiry presents to the justices of this court a question as to the constitutionality of a proposed legislative enact-

ment purporting to validate divorce decrees assumed to be invalid on the ground that service on nonresident respondents had not been had.

The majority of the justices do not answer the constitutional question, but for the first time insofar as we are able to ascertain, avoid the constitutional question and proceed to base their reply on statutory construction.

The justices of this court have consistently held, in accordance with the statutes relating to advisory opinions, that only constitutional questions are answered in advisory opinions.

In view of the fact that the opinion expressed by the majority of the justices does not deal with a constitutional question, we do not feel that we can join therein.

There is no reason for us to express our opinion on the constitutional question, since such an opinion would not represent the views of a majority of the members of this court.

Respectfully submitted,
THOMAS S. LAWSON
JOHN L. GOODWYN
Associate Justices