97 So.2d 574

**L. P. ODEM**

v.

**Ruthie McCORMACK et al.**

8 Div. 804.

Supreme Court of Alabama.

Oct. 24, 1957.

Woodroof & Woodroof, Athens, and Noble L. Freemon, Lawrenceburg, Tenn., for appellant.

Malone & Malone and Thos. G. Steele, Athens, for appellees.

LAWSON, Justice.

The bill in this case was filed in the Limestone County Court, in Equity, on July 9, 1954, by Rabon McCormack and his wife Ruthie McCormack, residents of Limestone County, Alabama, against L. P. Odem, who according to the averments of the bill "is a non-resident of the State of Alabama and resides and his post office address is St. Joseph, Tennessee."

Complainants in their bill seek to have a deed declared a mortgage and to be allowed to redeem the property in question in an exercise of the equity of redemption after an accounting between the parties has been held. Complainants aver that all of the mortgage debt has been paid.

Attached to the bill is an affidavit of the complainant Ruthie McCormack, which reads:

"Before me, the undersigned authority in and for said County and State, this day personally appeared Ruthie McCormack, who being first duly sworn deposes and says that she is one of the complainants in the foregoing bill of complaint; affiant says that all statements contained therein alleged as facts are true and that all remaining statements therein contained are true and correct according to the best of her knowledge, information and belief."

The "Register's Certificate of Service by Registered Mail," made and filed on July 10, 1954, reads:

"I, John R. Coffman, Register of the Limestone County Court in Equity, for said County, hereby certify that I have this day sent to L. P. Odem Defendant, at St. Joseph, Tennessee, by registered mail, postage prepaid, marked 'For delivery only to the person to whom addressed,' a copy of the Bill of Complaint and Summons in this cause, and demanded return receipt, addressed to me as Register of this Court."

On July 22, 1954, there was filed in this cause the return receipt from the service by registered mail made upon L. P. Odem on July 21, 1954, at St. Joseph, Tennessee.

The Register on August 23, 1954, entered a decree pro confesso, which reads:

"In this cause it appears to the Register that a copy of the Bill of Complaint and Summons was sent to the Respondent L. P. Odem, at St. Joseph, Tenn., by registered mail, postage prepaid, marked 'for delivery only to the person to whom addressed,' and return receipt demanded addressed to the Register of this Court, and it further appearing that said return receipt is on file in this cause, and said L. P. Odem Defendant, having been duly served with process more than thirty days prior to this date, and having failed to this date to plead, answer or demur to the Bill of Complaint in this cause, it is now, therefore, on motion of Complainant, is [sic] ordered and decreed by the Register that the said Bill of Complaint in this cause be, and it is hereby in all things taken as confessed against the L. P. Odem."

On the following day, August 24, 1954, the complainants submitted the cause for final decree on the bill, the decree pro confesso, and testimony as noted by the Register; whereupon a final decree was entered

on August 24, 1954, divesting the title of respondent and vesting same in complainants, the trial court having found that the deed was in fact a mortgage and that the mortgage debt had been paid.

On September 15, 1954, L. P. Odem filed in the office of the Register of the Limestone County Court, in Equity, his "application for rehearing of decree." The trial court ordered that the "application for rehearing" be heard on affidavits on October 12, 1954. The matter was heard on that day on the several affidavits submitted by the parties. On November 2, 1954, the trial court rendered a decree overruling the "application for rehearing" and denying the "motion to set aside final decree."

The appeal bond recites that it is from the decree of August 24, 1954, and the decree of November 2, 1954, that the appeal is taken.

The certificate of appeal was filed in this court on March 25, 1955. The transcript was filed here on April 21, 1955. On May 17, 1955, on motion of appellant, L. P. Odom, we entered an order reviving the cause against the heirs at law and next of kin of Rabon McCormack and against Clyde W. Ennis, Sheriff of Limestone County, as special administrator ad colligendum of the estate of Rabon McCormack, who died after the decrees here sought to be reviewed were entered in the court below.

On June 14, 1955, briefs of appellant, wherein oral argument was requested, were filed in this court. Thereafter, on July 15, 1955, counsel for Ruthie McCormack and counsel for the special administrator ad colligendum filed a joint brief on the merits, wherein they also requested oral argument. On the same day Ruthie McCormack by and through her counsel filed a motion with supporting brief to "dismiss appeal from decree denying rehearing."

On December 21, 1955, John McCormack and eleven other persons who, as heirs at law and next of kin of Rabon McCormack,

were made appellees as a result of the order of revivor, filed a "plea in abatement" and a "motion to strike assignments of error Nos. 7 and 8." Without waiving the plea or the motion, those persons on the same day filed what is termed an "answer" wherein they aver that there is no error in the record. Briefs were also filed on December 21, 1955, by John McCormack et al.

The request for oral argument having been withdrawn, submission here was on briefs on January 17, 1956. Submission was on the merits, on the motion to dismiss the appeal, on the motion to strike assignments of error 7 and 8, and on the "plea in abatement."

■ The so-called plea in abatement questions our right to entertain an appeal from the decree entered on November 2, 1954. The proper way of calling that matter to our attention is by a motion to dismiss the appeal, as was done by the appellee, Ruthie McCormack. We think it proper to consider the so-called plea in abatement as a motion to dismiss the appeal and will consider it along with the motion filed by the appellee, Ruthie McCormack.

■■ If the instrument filed by Odem on September 15, 1954, was simply an application for a rehearing filed under Equity Rule 62, Code 1940, Tit. 7 Appendix, and if the decree of November 2, 1954, merely overruled such an application, then the motions to dismiss would be well taken. The decree of November 2, 1954, under those circumstances would not support an appeal, for it did not modify the decree of August 24. Capps v. Norden, 261 Ala. 676, 75 So.2d 915; Wood, Wire & Metal Lathers, etc., v. Brown & Root, Inc., 258 Ala. 430, 63 So.2d 372, and cases cited. But if the motion filed by Odem on September 15, 1954, sought to set aside the decree of August 24 of that year because it is void on its face, it is not under Equity Rule 62 and if the decree of August 24 is void on its face the decree of November 2, 1954, denying the motion to set aside is a final decree

and appealable. Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27; Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915; Capps v. Norden, supra; McInnis v. Sutton, 260 Ala. 432, 70 So.2d 625; Ingalls v. Ingalls, 259 Ala. 80, 65 So.2d 199; Ford v. Ford, 218 Ala. 15, 117 So. 462.

We think the so-called "application for rehearing" filed on September 15, 1954, is in part a motion to set aside the decree of August 24, 1954, on the ground that it is void on the face of the record for the reason that it affirmatively appears from the proceedings that "the court proceeded to a final decree without acquiring jurisdiction of the person of the petitioner." The decree of November 2, 1954, shows that the trial court considered the instrument filed on September 15, 1954, as being more than an ordinary rehearing under Equity Rule 62, for the court not only decreed that the application for rehearing be overruled but also decreed that the "motion to set aside the final decree is hereby denied." We come to the question as to whether the decree sought to be vacated, the final decree of August 24, 1954, is void on the face of the record.

■ Appellant contends "that the lower court proceeded to enter the final decree in this cause without acquiring jurisdiction of the person of the appellant" for the reason that although service was attempted to be had by registered mail, the procedure for obtaining service upon an adult nonresident defendant by registered mail was not followed in that the allegations of the bill as to the nonresidence of the respondent, his residence and post office address were not supported by the kind of affidavit required by Equity Rule 5, subsec. 2(b), Code 1940, Title 7, Appendix, which rule in pertinent part reads as follows:

"When an adult non-resident of this State is made a party defendant to a suit, if his place of residence and post office address are known, such residence and post office address shall be stated in the bill of complaint, and if supported by affidavit of the plaintiff,

his agent or attorney, service of process upon such defendant may be had by the register by mailing to him by registered mail, postage prepaid, a copy of the bill of complaint or cross-bill (if the cross-defendant is not a plaintiff in the bill) together with a summons to answer the same within thirty days from the receipt theerof. * * *"

The appellant insists that the supporting affidavit must itself contain the statements as to the nonresident's place of residence and post office address. We cannot agree. The rule only provides that the residence and post office address, if known, be stated in the bill of complaint and that the bill of complaint be supported by affidavit, that is, sworn to by the plaintiff, his agent or attorney. See Bell v. Bell, 245 Ala. 513, 17 So.2d 872.

The case of Partlow v. Partlow, 246 Ala. 259, 20 So.2d 517, is not authority for the position taken by appellant on this point. The bill in that case was not supported by an affidavit of any kind. See Opinion of the Justices, 259 Ala. 202, 66 So.2d 174; American Fabrics Co. v. Couturier, D.C., 65 F.Supp. 563. In Scott v. Shelley, 219 Ala. 122, 121 So. 396, and Watters v. Watters, 210 Ala. 550, 98 So. 813, we dealt with affidavits made where service was sought to be had on a nonresident by publication, not by registered mail.

■ The appellant also contends that the averments of the bill were not "supported by affidavit by the plaintiff, his agent or attorney," in that Ruthie McCormack, who made the affidavit, although named as a party complainant, was not a proper party to the litigation. The bill avers that Ruthie McCormack, as well as her husband, Rabon McCormack, executed the instrument which is the subject of this litigation. But the appellant assumes that Ruthie McCormack signed that instrument, not as a co-owner of the property sought to be redeemed, but only for the purpose of relinquishing her dower interest. Even if we concede that assumption to be

correct, which we do only for the purpose of this discussion, Ruthie McCormack was a proper, although not a necessary party complainant. Harris v. Bradford, 246 Ala. 457, 20 So.2d 857.

■ We are of the opinion that the complainants have strictly complied with all of the provisions of Equity Rule 5, subsec. 2(b), in perfecting service on the respondent below by registered mail. We hold, therefore, that the trial court had jurisdiction to render the final decree and that it is not void as contended by appellants. It follows that the motion to dismiss the appeal in so far as it seeks a review of the decree of November 2, 1954, must be granted. See Wheeler v. Bullington, supra. It also follows that assignments of error 7 and 8, which challenge that decree, will be stricken. Hipp v. McMurry, 263 Ala. 11, 81 So.2d 531; Smith v. Bank of Blountsville, 262 Ala. 65, 77 So.2d 357; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160; Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422.

As we have pointed out, the appellant, the respondent below, in his so-called "application for rehearing" included nonjurisdictional as well as jurisdictional grounds. He did not limit his appearance. However, we have not deemed it necessary to pass on the question as to whether this action of the respondent below constitued a general appearance so as to waive any claimed defect in service. See Aetna Ins. Co. v. Earnest, 215 Ala. 557, 112 So. 145; 31 A.L.R.2d 266, 267; 6 C.J.S. Appearances §§ 12g (2) and 23; 3 Am.Jur., Appearances, § 4. Cf. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Ex parte Haisten, 227 Ala. 183, 149 So. 213.

Although no insistence is made to the contrary, we think it not unwise to observe at this point that the decree sought to be set aside is not a personal decree against the respondent. Naff v. Fairfield-American Nat. Bank, 231 Ala. 388, 165 So. 224. See Ex parte Luther, 232 Ala. 518, 168 So. 596; Long v. Clark, 201 Ala. 454, 78 So. 832; Sweeney v. Tritsch, supra; Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

We come now to consider appellant's attack upon the final decree, that is, the decree of August 24, 1954.

■ Based on the assertion that the complainant Ruthie McCormack was not entitled to any relief, the appellant says in brief "that the decree of the lower court is unquestionably erroneous in view of the established law set forth in the cases cited above to the effect that all parties who join as complainants in an equity suit must be entitled to relief or the suit is not maintainable." The cases cited above are Richter v. Noll, 128 Ala. 198, 30 So. 740; Daniel v. Daniel, 202 Ala. 635, 81 So. 577; and Taylor v. Robinson, 69 Ala. 269. Those cases do hold as contended by appellant, but they were decided prior to the effective date of the provisions now included in Equity Rule 67, which changed equity practice so that now a court of equity has the power to grant relief to one complainant who is shown to be entitled to it without granting relief to other complainants in that suit who are not entitled to it, as well as to grant relief against one or more but not all of the respondents. Garrett v. Oddo, 261 Ala. 172, 73 So.2d 761; Crawford v. Crawford, 248 Ala. 447, 28 So.2d 196; Gore v. Gore, 250 Ala. 417, 34 So.2d 580. So, if it be assumed that Ruthie McCormack was not entitled to any relief against appellant, that fact would not invalidate the decree as to her husband.

■ We understand appellant to argue in brief that the final decree should be reversed because the relief granted did not follow the complaint. Appellant seems to argue that the effect of the final decree is to vest title in Rabon McCormack and Ruthie McCormack jointly, whereas the bill avers that the land involved belongs only to Rabon McCormack. An examination of the final decree does show that in one place therein the court uses the words "vest in the *complainants*" (emphasis supplied). However, in the very next para-

graph the court in language appropriate to the purpose decreed that Rabon McCormack was the absolute owner of the suit property. We are clear to the conclusion that a careful reading of all of the provisions of the decree in connection with the pleadings demonstrates beyond peradventure that the trial court intended to and did vest the title in the complainant Rabon McCormack.

 The contention that the final decree is not supported by the evidence is not sustained by the record. The decree pro confesso admitted the facts well pleaded in the bill. Equity Rule 32; Humphrey v. Lawson, 256 Ala. 198, 54 So.2d 439. The facts alleged in the bill, admitted by the decree pro confesso, were in our opinion clearly sufficient to give the bill equity and to authorize the trial court to decree that the deed was in fact a mortgage from which the complainants had the right to redeem.

But after the decree pro confesso, evidence was necessary to determine the conditions upon which redemption should be had. Lavretta v. First Nat. Bank of Mobile, 235 Ala. 104, 178 So. 3; Brewer v. Kaul Lumber Co., 193 Ala. 269, 69 So. 84. Such evidence was adduced in the form of depositions taken before the register. This evidence in our opinion warranted the trial court in finding that the mortgage debt had been paid, "in full measure or perhaps more."

The mere fact that in the prayer for relief the complainants prayed for a reference and an accounting did not preclude the court from determining the issue as to the amount due on the mortgage debt, if any, without a reference and without stating an account. Peoples Saving Bank of Tallassee v. Union Bank & Trust Co., 204 Ala. 406, 85 So. 694; Smoot v. Miller, 243 Ala. 80, 8 So.2d 571; McLeod v. Willard, 257 Ala. 672, 60 So.2d 692.

We are of the opinion that the decree of August 24, 1954, should be affirmed; that assignments of error 7 and 8 should be

stricken; and that the appeal from the decree of November 2, 1954, should be dismissed. It is so ordered.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.