271 So.2d 830

**Joseph A. BATEH**

v.

**Richard Hail BROWN et al.**

**SC 7.**

Supreme Court of Alabama.

Nov. 16, 1972.

Rehearing Denied Feb. 1, 1973.

William M. Acker, Jr., and Ferris S. Ritchey, Jr., Birmingham, for appellant.

Richard Hail Brown, pro se and Sadler, Sadler, Sullivan & Sharp, Birmingham, for appellees.

MERRILL, Justice.

This is an appeal from a decree in a suit which sought the dissolution and the liquidation of a corporation, the appointment of a receiver and a distribution of the assets after payment of the expenses and obligations of the corporation.

On May 6, 1971, Joseph A. Bateh, appellant, filed a bill of complaint seeking dissolution of a corporation known as BBC Investment Company (hereinafter referred to as BBC) pursuant to the provisions of Tit. 10, § 21(78–79), Code of Alabama 1940, as

amended. Bateh named BBC and Richard Hail Brown as respondents. Bateh alleged that he and Brown each owned 50% of the capital stock of BBC; that Brown, as president of BBC, had failed to call stockholders' and directors' meetings as required by the charter and by-laws; that Bateh had finally forced a stockholders' and directors' meeting himself, at which Bateh offered 13 different resolutions, all of which dealt with matters crucial to the business and all of which died for lack of a second, with no further business being transacted at the meeting; that Brown dominated the management and treated the corporation as his private domain and excluded Bateh from the business and from all information, and refused Bateh access to the books and records; that Brown caused Bateh's wife, Azizah Bateh, not to be paid on a loan which she had made to BBC, and although BBC had no reason not to pay her, that Brown had caused an appearance to be filed by BBC in a suit filed by Mrs. Bateh to collect on the said loan; that BBC was a deadlocked corporation with the two equal stockholders being in a complete and irreconcilable conflict as to the courses of action to be taken; that Brown had acted and was acting oppressively and illegally; that BBC owned certain property consisting primarily of motels which could not be partitioned or equitably divided and which should be sold for a division of the proceeds in a corporate dissolution; that appointment of liquidating receiver is necessary; and that the employment of solicitors by Bateh were necessary and that the solicitors are entitled to a reasonable solicitors' fee from the proceeds of any sale of corporate assets. On the basis of these allegations, Bateh then prayed that BBC be dissolved; that a liquidating receiver be appointed; that the properties of the croporation be sold either at public or private sale; that the liabilities or obligations of the corporation first be paid, and that any balance be distributed to the stockholders after an accounting between them. The bill of complaint was verified by Bateh's sworn affidavit.

More than thirty days after the bill was served on BBC and on Brown, and no responsive pleadings have been filed, Bateh moved for decrees pro confesso and decrees pro confesso were entered against both respondents by the register on June 10, 1971. On June 15, 1971, BBC and Brown filed a purported answer to the bill, admitting some averments and denying others, but agreeing that a dissolution of BBC was desirable. Brown, who is a licensed attorney, appeared for himself and for BBC.

On June 21, 1971, Brown, pro se and as solicitor for BBC, filed a petition to set aside the decrees pro confesso on the grounds of inadvertence and misunderstanding.

On July 7, 1971, the trial court entered an order having to do with a report which one Charles C. Morton has filed in a separate case (S.C.8) as a proposed final decree. 289 Ala. 699, 271 So.2d 833. Morton was court-appointed manager at the time of B–D Development Company, a partnership-in-dissolution, a separate entity from BBC, but owned equally by Bateh and Brown.

On August 30, 1971, the sworn testimony of Bateh and of Ferris S. Ritchey, Jr., his attorney, was taken before a duly appointed commissioner, and the said testimony, together with certain exhibits, were introduced into evidence. This evidence generally supported the allegations of the bill.

On August 30, 1971, the only note of testimony ever filed in the cause was filed by Bateh, submitting the case for final decree on the bill of complaint, the decrees pro confesso, and the testimony of Bateh and Ritchey, together with the exhibits attached thereto. On August 30, 1971, the trial court, in a minute entry, took the case under submission.

On August 31, 1971, the trial court entered a lengthy and complicated decree dealing not only with the affairs of B–D Development Company, the partnership and the case involved in S.C.8, but also

with the affairs of the corporation which is the subject of the instant suit. The decree is discussed more fully in S.C.8, but it is sufficient here to say that the trial court divided the corporate property "in kind" between Bateh and Brown.

But the final decree contained no finding or determination as to the size of the assets and liabilities of BBC and made no finding or determination as to the mortgage or lien balances on the properties distributed. There is nothing in the decree to show whether or not, if a division "in kind" was permissible, that it was equal as between each 50% stockholder. There was no finding or determination that the property could be equitably divided "in kind" or partitioned. Finally, the final decree did not set aside or alter the decrees pro confesso which had been entered against Brown and BBC, and left them standing.

Bateh's application for rehearing was overruled on October 19 and Bateh appealed on November 1, 1971.

We do not deem it necessary to point out all the reasons why the decree, so far as it relates to the corporation, must be reversed but we list some of the reasons which are raised by specific and argued assignments of error.

■■■ 1. It is obvious that the decree treats the two cases together and as if they had been consolidated. But the record in this case shows no request for consolidation, no order of consolidation and no intimation of consolidation until the final decree was rendered and even the decree was silent as to consolidation. Tit. 7, § 259 permits consolidation generally in some cases, and Tit. 7, § 221 permits additional consolidation of cases in Jefferson County, but we have not been cited to any case where there was a consolidation without any order or agreement prior to the rendition of one decree which deals with two separate legal entities. Even when there is a consolidation, the "suits consolidated remain separate as to parties, pleadings, and judgments, unless otherwise directed by the court under the law." Ex parte Ashton, 231 Ala. 497, 165 So. 773; Ex parte Mount, 242 Ala. 174, 5 So.2d 637.

We are not holding the cases could not have been consolidated, but the record fails to show that they ever were.

■■ 2. The trial court erred in failing to set aside the decree pro confesso before entering a decree relating to the merits in this case. Equity Rule 32 provides that in all cases where decrees pro confesso are lawfully taken, as here, the allegations of the bill are to be regarded as admitted by the defendant except in instances not here applicable.

We have held that a decree pro confesso admits the facts well pleaded in the bill. Odem v. McCormack, 266 Ala. 465, 97 So. 2d 574. Under allegations of the bill in this case, the appellant became entitled to have the corporation dissolved under-the statute unless the decree pro confesso was set aside. We are not to be understood as holding that the decree pro confesso should not have been set aside, but that the record should show that it was either set aside or that appellant was given the relief sought by the bill.

3. There is no evidence in the transcript in this case to support that part of the decree relating to the corporation or its assets. The decree purports to give some of the assets to Bateh, others to Brown; but there is no evidence in the record to show what the worth of the various assets are. Appellant contends that there is such evidence in the record in S. C.8, the partnership case, and is, therefore, before this court.

■■ On appeal in an equity case, this court does not consider any testimony not noted and not given orally before the judge in open court. Pate v. Law, 277 Ala. 608, 173 So.2d 596; Campbell v. Rice, 244 Ala. 144, 12 So.2d 385. In each of the cases cited, the rule was applied even

 

though the unnoted evidence was in the record. Here, there is no such evidence in the transcript of the record in S.C.7.

▮ 4. There being *no* evidence in the record before us to support the decree, it follows that the decree must be reversed and the cause remanded.

The trial judge in this case is one of the hardest working trial judges in Alabama. He has established an enviable record for trying and disposing of cases on the equity docket, and both parties and attorneys have been before him at early hours and on Saturdays. In his zeal to try to dispose of long and vexatious litigation and, we believe, in a sincere attempt to help the two adversary parties and save them from having to have their holdings sold, all of the necessary requirements were not met in the instant case.

We learned from the briefs and oral arguments in S.C.7 and S.C.8 that at one time both of these cases were very near settlement. It probably would be financially better for both parties to settle rather than have their assets sold. But there would have to be full agreement by both parties and the agreement would have to be approved by the trial court. It might be that the parties could agree as to some of the assets but not all of them. A full or partial division "in kind" could be made if the creditors were fully protected by liens or other satisfactory security on that property divided "in kind" if that sold was not sufficient to protect the creditors. Therefore, it is directed that a new trial not be set for earlier than sixty days from the announcement of our decision in this case in order that the parties may have time to agree on the division of some or all of the property if they can. After the time for agreement has passed, it would seem that the prayer for the dissolution of the corporation ought to be granted and the corporation dissolved according to statute.

In the event the cases are consolidated for the taking of testimony, separate decrees should be entered in the two cases.

The motion to dismiss the appeal is treated in S.C.8 and will not be repeated here.

Motion to dismiss appeal denied.

Reversed and remanded.

HEFLIN, C. J., and HARWOOD, MADDOX and SOMERVILLE, JJ., concur.

